UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. HAWKINS,
            Plaintiff,

                          Civ. No. 08-10280

                          DISTRICT JUDGE PAUL D. BORMAN
     vs.                     MAGISTRATE JUDGE STEVEN D. PEPE

GENERAL MOTORS CORPORATION,
SEDGWICK CMS, and
UNITED AUTO WORKERS,
            Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING GENERAL MOTORS CORPORATION'S AND SEDGWICK CMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #16)**
**AND**
<u>**REPORT AND RECOMMENDATION GRANTING UAW'S MOTION TO DISMISS (DKT. #25)**</u>

On January 18, 2008, Plaintiff filed what purports to be a federal civil complaint naming the above Defendants and asserting a violation of Title I of the Americans with Disabilities Act of 1990, as amended (Dkt. #1).[1] On April 29, 2008, Defendants General Motors Corporation ("General Motors" or "GM") and Sedgwick Claims Management Services, Inc. ("Sedgwick CMS"), incorrectly identified by Plaintiff as "Sedwick Insurance Claims," moved to dismiss Plaintiff's Complaint because Plaintiff's claims are barred by the doctrine of *res judicata* (Dkt. #16). On July 2, 2008, Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") filed a motion to dismiss on similar grounds (Dkt. #25). All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b) (Dkt. #17). For the reasons indicated below, **IT IS RECOMMENDED** that Defendants' motions be **GRANTED**.

---

[1] On August 21, 2008, Plaintiff also filed a "Supplement to Plaintiff's Complaint and Demand for Trial" (Dkt. #32).

**I.	BACKGROUND**

Plaintiff Debra Hawkins is a former hourly employee of General Motors. She commenced employment with General Motors on August 15, 1977, and worked for GM until she became disabled on January 27, 1987. She returned to work for two brief periods in 1987, but neither was long enough to "reset" January 27 as her disability leave date under the terms of the GM disability plan for hourly employees.

Although her Complaint is somewhat unclear, the essence of Plaintiff's claim is that GM incorrectly calculated her net credited service under the terms of the General Motors Life and Disability Benefits Program ("GM Disability Program") and, thus, improperly denied her claim for Extended Disability Benefits ("EDB") until she reached the age of sixty-five. To qualify for EDB until the age of sixty-five years pursuant to the GM Disability Program, Plaintiff needed at least ten Years of Participation as defined by the Plan's terms. Plaintiff alleges that she has more than ten Years of Participation and, therefore, she qualifies for EDB until she reaches the age of sixty-five. Indeed, Plaintiff is seeking "Correction on my Extended Disability Benefits" and is asking "to be reinstated for my benefits" (Dkt. #1). She also alleges that the denial of her claim for EDB is arbitrary and capricious (*id.*).

In 2003, Plaintiff brought the same claims against General Motors and Metropolitan Life Insurance Company regarding the denial of her claim for EDB beyond the period specified by the terms of the GM Disability Program.[2] Plaintiff also asserted she was entitled to additional

---

[2] Defendant Sedgwick CMS is an independent company that since January 1, 2005, provides administrative claims management services to General Motors relating to GM's Disability Benefits Program. Prior to January 1, 2005, Metropolitan Life Insurance Company provided such services. Thus, with respect to the time period relevant to Plaintiff's claims, MetLife had responsibility for claims administration. The body of the Complaint does not refer to Sedgwick CMS, nor does it assert any claims against it.

Similarly, Plaintiff does not assert a claim against Defendant UAW. Plaintiff was represented by the UAW while she worked at General Motors from the time of her employment in 1977 until

service time under General Motors Hourly-Rate Employees Pension Plan ("GM Pension Plan"). That action was entitled *Debra Hawkins-Dunn v. General Motors Corporation and Metropolitan Life Insurance Company*, Case No. 03-74731, assigned to District Judge Paul D. Borman (Dkt. #16, Ex. 2, 2003 Complaint).

On April 6, 2005, Defendants GM and MetLife filed their Motion to affirm the Administrator's Determinations in Case No. 03-74731. On July 14, 2005, this Court entered an Order Affirming Defendants' Determination that Plaintiff is not entitled to an Additional 0.8 Years of Participation under the GM Disability Program as to Plaintiffs claim for additional Extended Disability Benefits (Dkt. #16, Ex. 3, Opinion and Order of July 14, 2005). Thus, the Court dismissed Plaintiff's claim for Extended Disability Benefits with prejudice. Simply put, this Court found that GM's determination that Plaintiff did not have ten years of participation pursuant to the terms of the GM Disability Program was not arbitrary and capricious.

Plaintiff appealed the dismissal of her claim for Extended Disability Benefits to the Sixth Circuit Court of Appeals. On March 22, 2007, the Sixth Circuit issued its Opinion affirming this Court's holding that Plaintiff is not entitled to an additional 0.8 years of participation under the Extended Disability Benefits Plan of General Motors (Dkt. #16, Ex. 4, Sixth Circuit Opinion). The Sixth Circuit also denied Plaintiff's motion for rehearing.

---

the time of her disability retirement on November 1, 1988. After that UAW contends that UAW benefit representatives attempted, on numerous occasions, to address Plaintiff's concerns about her disability benefits. Here, Plaintiff does not accuse any UAW representative of any misconduct, she simply disagrees with the conclusion regarding her Years of Participation under the GM Disability Plan. If Plaintiff is attempting to plead a duty of fair representation cause of action against the UAW, such a claim is barred for several reasons: (a) the UAW does not owe a retired member a duty of fair representation. *Merk, et al. v. Jewel Companies, Inc. and United Food and Commercial Workers International Union, AFL-C/O*, 848 F.2d 761 (7th Cir. 1988); *Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Company*, 404 U.S. 157 (1971); and (b) any duty of fair representation claim is time-barred. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983); *Garrish v. UAW*, 417 F.3d 590 (6th Cir. 2005), *cert denied*, 546 U.S. 1094 (2006).

In Plaintiff's "Supplement to Plaintiff's Complaint and Demand for Trial" (Dkt. #32), she appears to assert that she did not receive the additional 0.8 years of credited service under the GM Pension Plan awarded to her by the Court in that action and the resultant increase in her pension. In Case No. 03-74731, this Court found that Plaintiff was entitled to an Additional 0.8 Years of Credited Service under the GM Pension Plan, a plan which is totally separate from the GM Disability Program.[3] General Motors did not contest the additional 0.8 Years of Credited Service and made the appropriate adjustment under the GM Pension Plan. The GM Benefits and Services Center notified Plaintiff in writing on July 12, 2007, that her pension benefits had been recalculated and she was provided with a revised statement of her pension benefits (Dkt. #33, Ex. 1).

The revised statement of Plaintiff's Pension Benefits showed that her years of Credited Service under the GM Pension Program had been adjusted from 10.8 years to 11.6 years in accordance with the Court's Order (Dkt. #33, Ex. 1). Correspondingly, Plaintiff's monthly pension benefit amount increased from $332.64 to $357.28 (*id.*). Plaintiff was also paid a one-time retroactive lump sum pension benefit in the amount of $4,480.12 to cover the period during which she was underpaid (*id.*).

The one-time lump sum retroactive payment of pension benefits to Plaintiff in 2007 resulted in an overpayment of Plaintiff's EDB. Plaintiff was notified on July 19, 2007, that she had been overpaid $2,129.25 for EDB for the period of November 1, 1988, through October 7,

---

[3] Plaintiff is failing to recognize the distinction between the GM Disability Program and the GM Pension Plan. As this Court articulated in the 2005 Order, "Plaintiff's Years of Participation under the GM Disability Program is 9.7 years because it is calculated at the time her disability commenced. On the other hand, Plaintiff has 10.7 years of credited service under the GM Pension Plan" (Dkt. #16, Ex. 3, p. 5). Plaintiff continues to assert that her disability commenced in September, 1987. Yet, as was previously litigated and decided, Plaintiff's commencement of disability was January 27, 1987. Therefore, Plaintiff has failed to meet the requirement of ten Years of Participation at the commencement of disability that would have provided extended disability benefits until she attains age 65.

1996, due to her disability benefits not being reduced by her Pension Benefits payable for the same period (Dkt. #33, Ex. 2). Accordingly, Plaintiff voluntarily signed an authorization to repay the amount of the EDB overpayment from her monthly pension benefits, thereby completely resolving that issue (*id.*).

**II      ANALYSIS**

   **A.      The Legal Standard For A 12(b)(6) Motion**

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*, 127 S.Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.*" In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (*per curiam*) (mere conclusions are not afforded liberal Rule 12(b)(6)

review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly*, notes that under a "literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

  **B.**  <u>**Factual Analysis**</u>

Defendants argue that the doctrine of *res judicata* applies to this case as the same transaction and occurrence at issue here was previously decided by this Court in Case No. 03-74731. Under the *res judicata* doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

Plaintiff's current lawsuit is an attempt to re-litigate the same claims that were properly dismissed by this Court in Case No. 03-74731. In that prior action, Case No. 03-74731, Plaintiff

sought to recover additional EDB under the GM Disability Program. This issue was thoroughly addressed by this Court and a final decision was rendered affirming the denial of Plaintiff's claim for additional EDB. Plaintiff is now asserting the same claims again, *i.e.*, the calculations regarding her EDB were incorrect and she is entitled to additional benefits. Thus, the claims raised by Plaintiff in her current action against Defendants were actually litigated or could have been litigated in the prior action, Case No. 03-74731. Further, the District Court's decision was reviewed by Court of Appeals for the Sixth Circuit and affirmed.

Defendant General Motors is entitled to dismissal of Plaintiff's Complaint and/or summary judgment because the elements of *res judicata* have clearly been established in this case. There is no question that

– there was a final judgment on the merits in the prior action (Dkt. #16, Ex. 3, this Court's July 14, 2005, Order Affirming Defendants' Determination that Plaintiff is Not Entitled to an Additional 0.8 Years of Participation Under the GM Disability Program);

– the prior judgment was rendered by a Court of competent jurisdiction (this Court, based on statutory dictates);

– the parties in both cases (Plaintiff and General Motors) are identical.

The third *res judicata* element noted above is also established because Plaintiff did or could have raised her current claims in the prior suit against General Motors. The doctrine of *res judicata* prohibits re-litigation of all claims or issues which were actually litigated or which could have been litigated in a prior action. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448,462-63 (6th Cir. 1999); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). In her current action, Plaintiff is again asking this Court to award her additional Extended Disability Benefits. There is an identity of the causes of action because Plaintiff's successive lawsuits involve a single cause of action. The Sixth Circuit has defined an identity of causes of action as "identity of the facts creating the right of action and of the evidence necessary to

sustain each action." *Begala v. DNC Bank N.A.*, 214 F.3d 776, 780 (6th Cir. 2000). This case is merely a rehash of facts already presented in the first case. Indeed, Plaintiff has merely renewed her assertion that an error occurred in the calculation of when her last disability leave commenced and that she is entitled to additional benefits. Thus, her fundamental cause of action remains the same as in her 2003 lawsuit. The 2003 case and the current action both involve Plaintiff's entitlement to EDB and the same facts pled before this Court in the 2003 lawsuit form the basis for Plaintiff's claims. Consequently, there is an identity of cause of action as defined by federal *res judicata*. *See Simmons v. Anzon, Inc.*, 1994 WL 317853(E.D. Pa. 1994)(dismissing ERISA action as barred by *res judicata* since plaintiff's earlier state law claims had alleged the same wrong).

Although Defendants UAW and Sedgwick CMS were not named in the previous action, the Sixth Circuit has recognized that identity of the parties is not absolutely necessary when litigants bring repeated actions upon the same operative facts with slight change in legal theories and defendants. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). In that case, the court affirmed the dismissal of a complaint on *res judicata* grounds even though two of the named defendants were not named in the earlier action. This doctrine is known as non-mutual claim preclusion (or non-mutual issue preclusion). *See also Habtemariam v. Adrian*, 1999 WL 455326 (6th Cir. 1999) (unpublished); *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y.1974), *aff'd*, 519 F.2d 1397 (2nd Cir. 1975). Thus, although UAW and Sedgwick were not named in the first complaint, this Court has the authority to dismiss this action pursuant to the doctrine of non-mutual claim preclusion because both this action and Case No. 03-74731 contain the same operative facts with only a change in defendants. *United States v. Mendoza*, 464 U.S. 154, 158-5 (1984); *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). *See, e.g.*, *Hazzard*, 382 F. Supp. at 226-229 (non-mutual claim preclusion appropriate when *pro se* litigant

8

brings repeated actions upon same operative facts with slight change in legal theories and "cast of characters-defendants").

**III     RECOMMENDATION**

For the reasons stated above, it is **RECOMMENDED** that Defendants' motions be **GRANTED**, and this case be dismissed.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Date: October 24, 2008                             s/Steven D. Pepe
Ann Arbor, Michigan                                United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 10/24/08 .

<u>s/Jermaine Creary</u>

Deputy Clerk