UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. HAWKINS

       Plaintiff,

v.

GENERAL MOTORS
CORPORATION, SEDGWICK CMS,
and UNITED AUTO WORKERS

       Defendants.
_____/

Case No. 08-CV-10280

JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE STEVEN D. PEPE

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTIONS TO DISMISS, (2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF DISMISSAL, AND (3) DISMISSING THE ACTION**

Before the Court is plaintiff Debra L. Hawkins' Objections to Magistrate Judge Steven D. Pepe's August 29, 2008 Report and Recommendation in favor of granting defendants General Motors Corporation's and Sedgwick Claims Management Services' Motion to Dismiss (Dkt. No. 60) and defendant United Auto Workers Motion to Dismiss (Dkt. No. ).  The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.    BACKGROUND**

On January 18, 2008, Plaintiff Debra L. Hawkins ("Plaintiff") filed a *pro se* civil action against defendants General Motors Corporation ("GM"), Sedgwick Claims Management Services ("Sedgwick"), and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") (collectively "Defendants").  The gravamen of

1

Plaintiff's Complaint is that GM incorrectly calculated her net credited service under the terms of the General Motors Life and Disability Benefits Program ("GM Disability Program"), which ultimately resulted in her claim for continued Extended Disability Benefits ("EDB") being improperly denied. Plaintiff alleges that she has more than ten years of participation at GM, as defined by the GM Disability Program, and therefore, qualifies for EDB until she reaches the age of sixty-five. The body of her Complaint does not mention Sedgwick and only references the "Union" a few times in passing when describing the circumstances regarding her start date at GM.

On April 29, 2008, GM and Sedgwick moved to dismiss Plaintiff's Complaint, asserting that Plaintiff's claims are barred by the doctrine of *res judicata*. (Dkt. No. 16). On July 2, 2008, UAW also filed a motion to dismiss, claiming, *inter alia*, that Plaintiff was collaterally estopped from litigating the issues set forth in her Complaint. (Dkt. No. 25). Both of the motions to dismiss rely on a previous action brought by Plaintiff in Circuit Court for the County of Wayne, Michigan on October 30, 2003 against GM and Metropolitan Life Insurance Company, which was subsequently removed to this Court under ERISA jurisdiction. *See Hawkins-Dunn v. Gen. Motors Corp.*, No. 03-74731, slip op. at 1 (E.D. Mich. July 14, 2005), *aff'd, Hawkins-Dunn v. Gen. Motors Corp.*, 225 Fed. Appx. 358 (6th Cir. March 22, 2007) (unpublished) [hereinafter "*Hawkins I*"].

On August 21, 2008, Plaintiff filed a Supplement to Plaintiff's Complaint and Demand for Jury Trial ("Supplement"). (Dkt. No. 32). The Supplement generally reasserts the same facts and issues brought forth in the Complaint, except that in the Supplement Plaintiff accuses Sedgwick and the UAW of wrongdoing and claims that her attorney in *Hawkins I* attended a July 6, 2005 hearing without her.

In *Hawkins I*, Plaintiff, then represented by counsel, brought suit against GM and MetLife seeking additional pension benefits under the GM Hourly-Rate Employees Pension Plan ("GM Pension Plan"), which is administered by GM, and under the General Motors Life and Disability Benefits Program for Hourly Employees ("GM Disability Program"), which is administered by MetLife. On April 6, 2005, GM and Metlife filed a Motion to Affirm the Administrators' Determination, or in the Alternative for Entry of Judgment on the Administrative Record. On April 8, 2005, Plaintiff filed a Motion for Summary Judgment. The hearing on motions was held on July 6, 2005.

In an extensive opinion, this Court affirmed GM's and Metlife's decision that Plaintiff was not entitled to additional EDB and dismissed her claim for EDB with prejudice. The Court found that GM's and Metlife's determination that Plaintiff did not have ten years of participation under the GM Disability Program was not arbitrary and capricious.

Plaintiff appealed the dismissal of her claim for EDB to the Sixth Circuit Court of Appeals. On March 22, 2007, the Sixth Circuit affirmed this Court's holding that Plaintiff is not entitled to an additional 0.8 years of participation under the GM Disability Program.

Defendants now move this Court to dismiss the case with prejudice. On August 29, 2008, the Magistrate Judge issued a Report and Recommendation in favor of granting Defendants' Motions to Dismiss.

**II.   ANALYSIS**

    **A.   Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to

dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.'" *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 127 S. Ct. at 1974). A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965).  Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

### B.     Objections

Plaintiff does not list individual objections to the Report and Recommendation.  Instead, Plaintiff merely reasserts the claims listed in her Complaint and Supplement.   Essentially, her claims are that (1) her disability began on September 29, 1987, as opposed to January 27, 1987, which would have given her ten years of participation under the GM Disability Program and (2) her

4

benefits were calculated incorrectly. In addition, Plaintiff's Objection elaborates a little further on the allegation in her Supplement that her attorney in *Hawkins I* attended the hearing without her. She contends that she was supposed be a participant in the hearing and that there was some kind of agreement between her attorney and the Defendants' attorney for her not to appear at the hearing.

As noted above, the motions to dismiss filed by Defendants in this case rely on this Court's decision in *Hawkins I*, which affirmed GM's and Metlife's determination that Plaintiff was not entitled to an 0.8 years of participation under the GM Disability Program, i.e. *Hawkins I*. GM and Sedgwick argue that *res judicata* applies, barring Plaintiff's instant claim. UAW, however, argues that collateral estoppel applies barring the relitigation of the issues brought forth in Plaintiff's Complaint.

The U.S. Supreme Court, in *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1 (1984), explained that *res judicata* generally consists of two preclusion concepts: claim preclusion and issue preclusion. Claim preclusion is commonly referred to as *res judicata* or more specifically, true *res judicata*. *Id*. It is the doctrine "by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment." *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001). Claim preclusion not only precludes "relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated." *Id*. Issue preclusion, on the other hand, is generally referred to as direct or collateral estoppel. *Id*. It "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Id*.

The Sixth Circuit has adopted a four part test for determining whether a subsequent action is barred by the doctrine of claim preclusion. The elements are: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). As for issue preclusion, the Sixth Circuit has held that the doctrine is to be applied when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

Plaintiff's Complaint appears to set forth an ERISA denial of benefits claim. Although Plaintiff does not mention the ERISA statute, or any other statute for that matter, Plaintiff seeks to have her benefits reinstated and several times throughout her Complaint, she asserts that the "Plan," presumably the GM Disability Program, is arbitrary and capricious—the standard of review used by this Court in *Hawkins I*. Plaintiff does not articulate any other bases for recovery. Thus, to the extent that Plaintiff articulates a claim for relief, such a claim is properly governed under ERISA.

Because Plaintiff's claim against GM is the same as that in the prior action, case number 03-74731, the doctrine of claim preclusion bars Plaintiff from relitigating that claim. First, a final decision on the merits was rendered by this Court. In fact, the Court's decision was affirmed by the Sixth Circuit. Second, both GM and Plaintiff are parties to both suits. Third, both causes of action involve the same issues—namely, the denial of disability benefits. Finally, the fourth element, an

identity of the causes of action, exists because *Hawkins I* and the present action both involve Plaintiff's entitlement to EDB and the same facts pled in *Hawkins I* form the basis for Plaintiff's instant claims. *See Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'") (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). In fact, Plaintiff seems to admit that the present case is merely an attempt to overturn *Hawkins I*. In her Objection, Plaintiff avers that she filed her Complaint "for review and to have the decision overturned." (Obj. 2). Also, in her Supplement to Plaintiff's Complaint and Demand for Jury Trial, Plaintiff contends that she filed her Complaint "to have this case resign[ed] back to [this Court]." Furthermore, even if Plaintiff had adequately pled an actionable claim for being excluded from the July 6, 2005 hearing by GM and MetLife in *Hawkins I*—which she has not—claim preclusion nonetheless bars such a claim because it could have been raised in *Hawkins I*. Plaintiff could have brought, but never did bring, such an issue to the Court's or the Sixth Circuit's attention during the pendency of her claim. Indeed, Plaintiff did not even mention anything about her not attending the hearing in *Hawkins I* until she filed the Supplement three and one-half months after GM's and Sedgwick's Motion to Dismiss was filed. Therefore, Plaintiff's cause of action against GM is properly dismissed.

UAW and Sedgwick were not named parties in the previous action. Nevertheless, to the extent that Plaintiff asserted any proper claims against UAW or Sedgwick in its Complaint or Supplement, those claims likewise fail. Plaintiff's claims against UAW and Sedwick are barred by the doctrine of issue preclusion, as the claims asserted against them—whether the GM Disability Program is being administered arbitrarily and capriciously—involves the same issues decided in

*Hawkins I*, i.e., the reinstatement and calculation of the Plaintiff's benefits. All five of the elements for issue preclusion set forth above are satisfied. Although UAW and Sedgwick were not parties to *Hawkins I*, Plaintiff's claims against them are nonetheless barred under non-mutual claim preclusion or defensive collateral estoppel.

> Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. For defensive collateral estoppel--a form of non-mutual issue preclusion--to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action.

*Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007) (internal citations omitted); *see also Moore v. Paducah*, 890 F.2d 831, 832–33 n. 4 (6th Cir. 1989). While Plaintiff does assert in her Objections that she believes that there was some kind of conspiracy between her attorneys and Defendants' attorney for her not to appear at the motion hearing in *Hawkins I*, nothing in the record shows that she did not have a "full and fair" opportunity to litigate the issues in that case. First, Plaintiff could have attended the July 6, 2005 hearing if she felt that she needed to be there. The hearing was open to the public. In addition, the disposition of *Hawkins I* indicates that her attorney represented her zealously. Not only did her attorneys succeed in getting Plaintiff additional benefits under GM's Pension Plan, but also they immediately appealed the Court's order affirming Defendants' determination under GM's Disability Program. (Case No. 03-CV-74731, Dkt. No. 22). Therefore, Plaintiff's cause of action against Sedgwick and UAW is also properly dismissed.

### III.   CONCLUSION

For these reasons, the Court:

(1)   **ADOPTS** the Magistrate Judges's Report and Recommendation granting Defendants' Motions to Dismiss;

(2)   **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and

       Recommendation in favor of dismissal (Dkt. No. 35); and

(3)    **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**

                                S/Paul D. Borman  
                                PAUL D. BORMAN  
                                UNITED STATES DISTRICT JUDGE

Dated: March 9, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 9, 2009.

                                S/Denise Goodine  
                                Case Manager