UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. HAWKINS

        Plaintiff,                        Case No. 08-CV-10280

v.                                        JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE STEVEN D. PEPE
GENERAL MOTORS
CORPORATION, SEDGWICK CMS,
and UNITED AUTO WORKERS

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is plaintiff Debra Hawkins's ("Plaintiff") "MOTION RESPONDING TO OPINION AND ORDER OF RECOMMENDATION TO DISMISS CASE" filed on April 3, 2009. (Dkt. No. 41). Although Plaintiff's motion is not titled as a motion for reconsideration, the Court will treat it as such because it addresses alleged defects in the Court's March 9, 2009 Opinion and Order Adopting the Magistrate Judge's Report and Recommendation Granting Defendant's Motions to Dismiss, Denying Plaintiff's Objections to the Magistrate Judge's Report and Recommendation in Favor of Dismissal, and Dismissing the Action. (Dkt. No. 39).

According to Local Rule 7.1(g)(3), a motion for rehearing or reconsideration must be filed within ten days after the entry of the decision to which it objects. *See also* FED. R. CIV. P. 52(b) (requiring that a motion to amend or make additional findings no later than ten days after entry of judgment); FED. R. CIV. P. 59(e) (allowing a party to file a motion to alter or amend judgment within ten days of entry of the Judgment). Here, because Plaintiff filed her Motion twenty-five days after

1

the Court filed its March 9, 2009 Opinion and Order, Plaintiff's Motion is untimely.[1]

Even if the Court were to excuse Plaintiff's error, Plaintiff's motion is without merit, as it does not "demonstrate a palpable defect by which the court and the parties have been misled," as is required under Local Rule 7.1(g). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E. D. Mich. 1997).

In the instant action, Plaintiff fails to demonstrate a palpable defect by which the Court and the parties have been misled. Indeed, Plaintiff presents the same arguments and evidence that were considered by this Court in her original action filed in 2003, in her appeal to the Sixth Circuit regarding the dismissal of her original action, and in the instant action. To the extent that Plaintiff presents "new evidence," that evidence does not show anything other than what has already been presented to this Court.

Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2009

---

[1] Perhaps aware that her Motion was untimely, Plaintiff asserted a caption on the top of her Motion indicating that it was "Filed 03/12/2009," even though Plaintiff's signature on the Certificate of Service was notarized on April 3, 2009.

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 17, 2009.

                                                  s/Denise Goodine  
                                                  Case Manager